UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C. EARL GRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-CV-2737 PLC |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Bank of America, N.A.'s motion to dismiss Plaintiff C. Earl Grant's second amended petition pursuant to Fed R. Civ. P. 12(b)(6). [ECF No. 11] Plaintiff opposes the motion. [ECF No. 14] For the reasons that follow, Defendant's motion is granted.

**I.      Procedural and Factual Background**

The facts, as alleged in Plaintiff's second amended petition, are as follows: Plaintiff owned residential property at 2653 Bruno Avenue ("the property") in St. Louis, Missouri. [ECF No. 7 at ¶ 1] Defendant was "the servicer, bailiff and receiver of Plaintiff's mortgage funds on" the property, and Plaintiff "relied upon [Defendant] to accurately account, assess, calculate and service his mortgage for the payment of real estate taxes." [Id. at ¶ 3]

Since August 2004, Plaintiff made his monthly mortgage payments, which included payment towards real estate property taxes, to Defendant. [Id. at ¶ 4] Defendant, in turn, escrowed and paid Plaintiff's annual real estate taxes for the property to the St. Louis County Collector of Revenue. [Id.] Plaintiff alleged that, from 2003 through 2016, Defendant "has negligently failed or refused to properly pay the correct amount of real estate property taxes

owed by Plaintiff to the St. Louis Collector of Revenue with the result that Plaintiff has been overcharged in an amount in excess of $10,000." [Id. at ¶ 6] Plaintiff also alleged that Defendant published inaccurate credit reports reflecting "late and insufficient mortgage payments," as a result of which, he "has been unable to obtain credit, and Plaintiff has suffered damage to his reputation in the community." [Id. at ¶¶14-15]

In December 2018, Plaintiff filed a petition in the Circuit Court of St. Louis County against Defendant and St. Louis County ("the County") seeking an accounting and damages. [ECF No. 1-1 at 5-8] Defendant and the County each moved to dismiss. [Id. at 19, 34-44] After a hearing, the court granted the County's motion and granted Plaintiff leave to amend the petition. [Id. at 45]

Plaintiff filed a first amended petition against Defendant in April 2019 alleging actions for an accounting, conversion, and punitive damages. [Id. at 46-49] Defendant moved to dismiss the first amended petition for failure to state a cause of action, and the court granted the motion in part without explanation, dismissing Plaintiff's claim for punitive damages and declining to dismiss his claims for an accounting and conversion. [Id. at 50-57, 74]

In October 2019, Plaintiff filed his second amended petition for an accounting (Count I) and defamation of credit (Count II).[1] [Id. at 91-94] Defendant removed the action to federal court pursuant to 28 U.S.C. § 1331 on the ground that the second amended petition "involves a federal question 28 U.S.C. § 1331, in that the defamation of credit claim should be brought pursuant to 15 U.S.C. § 1681 *et seq.*," the Fair Credit Reporting Act (FCRA). [ECF No. 1 at ¶ 10]

---

[1] In the second amended petition, Plaintiff designated Count II "false credit reporting" but in his response to Defendant's motion to dismiss, he refers to Count II as an action for "defamation of credit." The Court refers to Plaintiff's Count II as a defamation claim, but notes that the label does not affect the Court's analysis.

Defendant moves to dismiss Plaintiff's second amended petition for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 11] More specifically, Defendant asserts that Plaintiff failed to state a claim for: (1) an accounting in Count I because "he cannot allege a fiduciary relationship between Plaintiff" and Defendant; and (2) defamation of credit in Count II because he did not allege either violations of the FCRA or that "the reporting was ever disputed to [Defendant] or the credit reporting agencies." [Id. at ¶¶ 5, 6] In response, Plaintiff contends that the doctrine of collateral estoppel bars Defendant's motion to dismiss the accounting claim. [ECF No. 14] As to Defendant's defamation claim, Plaintiff states: "In the event the Court deems Plaintiff's claim for defamation of credit to be deficient, Plaintiff requests leave to amend." [Id.]

**II.     Legal Standard**

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, but it need not accept legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

**III.    Discussion**

   A. Accounting (Count I)

Defendant moves the Court to dismiss Plaintiff's claim for an accounting because Plaintiff "cannot allege all four elements required for this cause of action." [ECF No. 12 at 2] In

particular, Defendant challenges Plaintiff's allegations that there existed a fiduciary relationship between the parties. Plaintiff does not address Defendant's arguments. Instead, Plaintiff contends that, because Defendant previously moved the state court to dismiss the accounting claim presented in Plaintiff's first amended petition, "Defendant is barred by collateral estoppel from re-opening this decision to re-litigate the facts by an ersatz appeal of the state court ruling."[2] [ECF No. 14 at ¶ 2]

As a preliminary matter, the Court considers whether collateral estoppel precludes the Court from considering Defendant's Rule 12(b)(6) argument. Plaintiff maintains collateral estoppel bars Defendant from moving to dismiss Plaintiff's claim for an accounting in the second amended petition because Defendant raised, and the state court rejected, the same argument in relation to Plaintiff's first amended petition.

"Collateral estoppel, or issue preclusion, bars relitigation of an issue already decided in a different cause of action."[3] Ideker v. PPG Indus., Inc., 788 F.3d 849, 852 (8th Cir. 2015) (quoting Derleth v. Derleth, 432 S.W.3d 771, 774 (Mo. App. 2014)). In determining whether collateral estoppel applies, a court considers the following four factors:

> (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

---

[2] Plaintiff also asserts that 28 U.S.C. § 2283 "broadly commands that state courts shall remain free from interference by federal courts." [ECF No. 14 at ¶ 3] The Anti-Injunction Act, 28 U.S.C. § 2283, provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." As neither party has requested an injunction to stay state court proceedings (or even identified pending state court proceedings), the Anti-Injunction Act does not help Plaintiff.

[3] In regard to collateral estoppel, the Eight Circuit has noted that the legal analysis is the same under Missouri law and Eighth Circuit federal law. Canady v. Allstate Ins. Co., 282 F.3d 1005, 1016 n. 7 (8th Cir.2002).

Id. (quotation omitted). See also James v. Paul, 49 S.W.3d 678, 682 (Mo. banc 2001). Importantly, for collateral estoppel to apply "a final judgment on the merits must have been rendered involving the same claim or issue sought to be precluded in the cause in question." Jeffrey v. Cathers, 104 S.W.3d 424, 430 (Mo. App. 2003).

"A final judgment is one that resolves 'all issues in a case, leaving nothing for future determination.'" Universal Credit Acceptance, Inc. v. Ware, 556 S.W.3d 69, 74 (Mo. App. 2018) (quoting Transit Cas. Co. ex rel. Pulitzer Publishing Co. v. Transit Cas. Co. ex rel. Intervening Employees, 43 S.W.3d 293, 298 (Mo. banc 2001)). "[T]he denial of a motion to dismiss is an interlocutory order and not a judgment on the merits." McMahon v. Geldersman, 217 S.W.3d 700, 795 (Mo. App. 2010) (citing Stevenson v. City of St. Louis Sch. Dist., 820 S.W.2d 609, 611 (Mo. App. 1991)). See also Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co., 48 F.3d 1066, 1070 (8th Cir. 1995); Sentinel Ins. Cov. v. Haines, 2008 WL 4247788, at *2 (W.D. Mo. 2008) ("A denial of a motion to dismiss is not a final judgment."). The Court therefore finds that collateral estoppel does not preclude consideration of Defendant's motion to dismiss Plaintiff's action for an accounting.[4]

Defendant urges the Court to dismiss Plaintiff's Count I pursuant to Rule 12(b)(6) on the ground that Plaintiff failed to state a claim for an accounting. To establish a right to an accounting under Missouri law, a plaintiff must demonstrate: (1) the need for discovery; (2) the

---

[4] In support of Plaintiff's position that collateral estoppel bars Defendant from challenging his claim for accounting, Plaintiff cites Pratt v. Purcell Tire & Rubber Co., 846 S.W.2d 230 (Mo. App. 1993). Pratt is inapposite. In that case, the Missouri Court of Appeals considered whether Plaintiff's action for retaliatory discharge was "subject to the operation of collateral estoppel where an arbitrator has adjudicated the reason for the discharge." Id. at 232. The court affirmed the trial court's summary judgment for the defendant employer, reasoning that "[w]here there has been a final and binding arbitration between the parties, courts are collaterally estopped from relitigating the facts determined in the arbitration proceeding." Id. at 233. As the instant case does not involve a "final and binding arbitration," or, for that matter, any final judgment on the merits, Pratt is not persuasive.

5

complicated nature of the accounts; (3) the existence of a fiduciary or trust relationship; and (4) the inadequacy of legal remedies. Tobias v. Korman, 141 S.W.3d 468, 575 (Mo. App. 2004). See also Camden Cty. ex rel. Camden Cty. Comm'n v. Lake of the Ozarks Council of Local Gov'ts, 282 S.W.3d 850, 861 (Mo. App. 2009). "Of these [four elements], the existence of a fiduciary relationship is the most critical element to support the exercise of equitable jurisdiction." Id. See also Am. Button Co. v. Weishaar, 170 S.W.2d 147, 152 (Mo. App. 1943).

In regard to the first element, the need for discovery, Plaintiff alleged in the second amended petition that he could not "adequately determine the exact amounts not properly credited for payment of real estate property taxes without the Defendant Bank providing a complete accounting of all sums received from Plaintiff for real estate taxes measured against the real estate tax records for Plaintiff's property…." [ECF No. 7 at ¶ 8]  Plaintiff did not plead that the account was complicated.  As to the third element, the existence of a fiduciary relationship, Plaintiff stated that Defendant "by virtue of its function and obligation was in a fiduciary relationship to Plaintiff[.]"  [Id. at ¶ 7]  Plaintiff further alleged that a fiduciary relationship existed because "Plaintiff has entrusted to Defendant the authority to act as a custodian, bailiff and receiver on behalf of Plaintiff for the task of properly" servicing his mortgage, escrowing funds for real estate taxes, and paying those real estate taxes.  [Id.]  Finally, Plaintiff averred without explanation: "Plaintiff has no adequate remedy at law."  [Id. at ¶ 10]

Defendant argues that Plaintiff failed to allege facts establishing each of the requisite elements for an accounting claim.  [ECF No. 12]  In particular, Defendant asserts that Plaintiff failed to demonstrate the existence of a fiduciary relationship between the parties, as "no such relationship [between lender and borrower] exists under Missouri law." Id. (citing Lonergan v. Bank of Am., N.A., No. 2:12-CV-4226, 2013 WL 176024, at *9 (W.D. Mo. Jan. 13, 2013).

"Fiduciary duty is not created by a unilateral decision to repose trust and confidence; it derives from the conduct or undertaking of the purported fiduciary which is recognized by the law as justifying such reliance." Pool v. Farm Bureau Town & Country Ins. Co. of Mo., 311 S.W.3d 895, 907 (Mo. App. 2010) (quotation omitted) (dismissing breach of fiduciary duty claim against insurance company). Missouri courts do not recognize a fiduciary relationship between lenders and borrowers. Jean-Gilles v. Fabiola Jean Gilles, Esq., No. 4:14-CV-827 JCH, 2014 WL 6751115, at *6 (E.D. Mo. Dec. 1, 2014) ("The general rule in Missouri is that 'the relationship between a lender and a borrower is one of contractual obligation, not one of duty'") (quoting Kulovic v. BAC Home Loans Servicing, L.P., No. 4:10-CV-2058 CAS, 2011 WL 1483374, at *11 (E.D. Mo. April 19, 2011)).[5]

Plaintiff provides the Court neither factual averments nor case law to support his conclusory allegation that there existed a fiduciary relationship between himself and Defendant. Taken as true, Plaintiff's allegations establish nothing more than an ordinary lender-borrower relationship, which does not give rise to a fiduciary duty. See e.g., Jean-Gilles, 2014 WL 6751115, at *7. Furthermore, Plaintiff's second amended petition did not allege that the account was complicated or explain why remedies available at law were inadequate. As such, Plaintiff's Count I does not state a plausible claim for relief and is dismissed with prejudice.[6]

---

[5] See also Wood & Huston Bank v. Malan, 815 S.W.2d 454, 458 (Mo. App. 1991) ("the relationship between a bank and its depositor involves a contractual relationship between a debtor and a creditor"); Lonergan, 2013 WL 176024, at *8 (same); Pace v. Wells Fargo Bank, N.A., No. 4:11-CV-489 CAS, 2012 WL 3705088, at *15 (E.D. Mo. 2012) (same); In re Vantage Investments, Inc., 385 B.R. 670, 706 (Bkrtcy. W.D. Mo. 2008) ("The courts have consistently held that no fiduciary relationship arises between a creditor and a debtor merely by reason of that relationship.").

[6] Dismissal with prejudice is appropriate when a plaintiff's complaint does not contain sufficient factual allegations to state a facially plausible claim to relief. See, e.g., Grawitch v. Charter Commc'ns, Inc., 750 F.3d 956, 961 (8th Cir. 2014). See also Federated Dep't Stores, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'").

B. Defamation of credit (Count II)

Defendant moves the Court to dismiss Plaintiff's claim for defamation of credit because it is preempted by the FCRA. [ECF No. 12 at 7] Defendant further argues that, to the extent Plaintiff intended to bring a claim under the FCRA, he failed to state a claim: (1) under Section 1681s-2(a) because the FCRA does not permit private actions to enforce that section; and (2) under Section 1681s-2(b) because Plaintiff failed to plead requisite notice from a credit reporting agency. [Id. at 7-8] In response, Plaintiff does not address Defendant's argument, but requests leave to amend "[i]n the event the Court deems Plaintiff's claim for defamation of credit to be deficient." [ECF No. 14 at 2]

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007); see also 15 U.S.C. § 1681(a)(3)-(4). "While primarily aimed at credit reporting agencies (CRAs), [the] FCRA also places obligations on creditors that furnish credit information to those agencies[.]"[7] Cathcart v. Am. Exp. Co., No. 4:11-CV-2125 JAR, 2014 WL 5320236, at *3 (E.D. Mo. Oct. 17, 2014). Section 1681s-2 generally prohibits furnishers of credit information from providing inaccurate information with respect to a consumer, and requires furnishers of credit information to investigate the accuracy of reported credit information upon receiving notice of a dispute. Hurocy v. Direct Merchants Credit Card Bank, N.A., 371 F. Supp. 2d 1058, 1059-60 (E.D. Mo. 2006).

In his second amended petition, Plaintiff alleged: "Between July 2017 and June 2018, Defendant, falsely, recklessly and maliciously prohibited credit reports concerning Plaintiff which grossly exaggerated and misstated his mortgage payment record, reporting late and insufficient mortgage payments." [ECF No. 7 at ¶ 14] Plaintiff further alleged that, "[a]s a

---
[7] Defendant does not dispute that it is a furnisher of credit information.

8

direct result of the false and defamatory statements made by Defendant and contained in credit reports, Plaintiff has been unable to obtain credit, and Plaintiff has suffered damage to his reputation in the community." [Id. at ¶ 15]

Defendant asserts that Plaintiff's allegations relate to inaccurate credit reporting and are therefore preempted by the FCRA. The FCRA preempts all state actions against furnishers of credit information that are "in the nature of defamation, invasion of privacy, or negligence ... except as to false information furnished with malice or willful intent [to] injure [the] consumer." 15 U.S.C. § 1681h(e). See also Barbero v. Reg'l Recovery Servs., Inc., No. 6:17-CV-3379 MDH, 2018 WL 3150681, at *5 (W.D. Mo. June 27, 2018).

Plaintiff pleaded no facts supporting his conclusory allegation of malice. For example, nothing in the second amended petition suggests that Defendant knew that the credit information it reported was inaccurate. Furthermore, Plaintiff failed to identify the content of the inaccurate statement or statements that Defendant allegedly reported. Plaintiff's conclusory allegation that Defendant furnished inaccurate credit information with malice is insufficient to support a common-law claim of defamation under Missouri law.[8] Plaintiff's common-law defamation claim is therefore preempted by the FCRA. See e.g., Reed v. Experian Info. Sols., Inc., 321 F.Supp.2d 1109, 1116–17 (D. Minn. 2004). See also Tillery v. U.S. Dep't of Ed., No. 8:18-CV-3256 PX, 2019 WL 3413518, at *3 (D. Md. July 29, 2019); Bath v. Experian Info. Sols., Inc., No. 19-CV-106-RM-NYW, 2019 WL 3292126, at *4 (D. Colo. 2019); Kunza v. Clarity Servs., Inc., No. 17-1165 RHK/LIB, 2017 WL 4685060, at *3 (D. Minn. Oct. 16, 2017); Shaunfield v. MB Fin. Bank, N.A., No. 3:15-CV-856-L, 2016 WL 631928, at *4 (N.D. Tex. 2016).

---

[8] To state a claim for defamation, a plaintiff must establish: (1) publication, (2) of a defamatory statement, (3) that identifies the claimant, (4) that is false, (5) that is published with the requisite degree of fault, and (6) damages the claimant's reputation. Gray v. AT&T Corp., 357 F.3d 763, 765 (8th Cir. 2004) (citing Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 70 (Mo. banc 2000)).

Defendant asserts that Plaintiff also failed to state a claim under the FCRA. Under 15 U.S.C. § 1681s-2(a), furnishers of information relating to a consumer to a credit reporting agency have a duty to provide accurate information. See Young v. Citifinancial Serv. LLC, No. 4:16-CV-1171 CDP, 2017 WL 2334982, at * 2 (E.D. Mo. May 30, 2017). However, a consumer does not have a private right of action to enforce section 1681s-2(a). 15 U.S.C. § 1681s-2(d). See also Young, 2017 WL 2334982, at * 2. Instead, enforcement of section 1681s-2(a) is limited to federal and state agencies and officials. Id. Because Plaintiff cannot bring a private action against Defendant under section 1681s-2(a), his false credit reporting claim will be dismissed to the extent he seeks to invoke that section.

However, an individual may bring a private action against a furnisher under Section 1681s-2(b) "for failing in certain duties imposed on such furnishers *after* they receive notice of dispute from a credit reporting agency."[9] Drew v. Capital One Bank (USA) N.A., No. 1:16-CV-95 SNLJ, 2016 WL 3402540, at * 2 (E.D. Mo. June 21, 2016) (quotation omitted) (emphasis in original). See also Young, 2017 WL 2334982, at * 2. Here, Plaintiff did not allege that a credit reporting agency informed Defendant that the credit information was in dispute. Nor did Plaintiff allege that he notified a credit reporting agency of a dispute. See e.g., Lee v. Wells Fargo Home Mortg., No. 11-633-CV-W-HFS, 2011 WL 5025877, at *2 (W.D. Mo. Oct. 21, 2011)). As a result, Plaintiff also failed to state a claim under section 1681s-2(b) of the FCRA. The Court therefore dismisses Plaintiff's Count II with prejudice.

---

[9] "Notice of disputed information provided only by the consumer to a furnisher does not trigger the duties imposed by § 1681s-2(b)." Young, 2017 WL 2334982, at * 2. See also Somlar v. Nelnet Inc., No. 4:16-CV-1037 AGF, 2017 WL 35703, at *5 (E.D. Mo. Jan. 4, 2017); Drew v. Capital One Bank (USA) N.A., No. 1:16-CV-95 SNLJ, 2016 WL 3402540, at * 2 (E.D. Mo. June 21, 2016).

C. Leave to Amend

Plaintiff requests leave to amend the second amended petition "[i]n the event the Court deems Plaintiff's claim for defamation of credit to be deficient." [ECF No. 14 at 2] However, Plaintiff neither specifies what additional facts he might allege to cure the deficiencies in the second amended petition nor shows that such an amendment would not be futile.

More importantly, Plaintiff filed neither a motion for leave to amend nor a proposed amendment. "[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion." Clayton v. White Hall Sch. Dist., 778 F.2d 457, 460 (8th Cir. 1985). "The Eighth Circuit has repeatedly held that district courts do not abuse their discretion in denying leave to amend where the plaintiff did not file a motion for leave to amend and submit a proposed amended complaint, and merely asked for leave to amend in its response to a motion to dismiss." Soueidan v. Saint Louis Univ., No. 4:17-CV-2777 RLW, 2018 WL 1997287, at *5 (E.D. Mo. Apr. 27, 2018) (quoting Tracy v. SSM Cardinal Glennon Children's Hosp., No. 4:15-CV-1513 CAS, 2016 WL 3683000, at *16 (E.D. Mo. July 12, 2016)). See also Geier v. Missouri Ethics Comm'n, 715 F.3d 674, 678 n.4 (8th Cir. 2013); Minneapolis Firefighters' Relief Ass'n v. MEMC Electronic Materials, Inc., 641 F.3d 1023, 1030 (8th Cir. 2011); Clayton, 778 F.2d at 460. Because Plaintiff failed to satisfy this procedural requirement, his request is denied. See Soueidan, 2018 WL 1997287, at *5 (citing In re 2007 Novastar Fin. Inc., Sec. Litig., 579 F.3d 878, 884 (8th Cir. 2009)).

IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Plaintiff's second amended petition [ECF No. 11] is **GRANTED** and this case is **DISMISSED with prejudice**. A separate order of dismissal will accompany this Memorandum and Order.

*/s/ Patricia L. Cohen*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of December, 2019