UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C. EARL GRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-CV-2737 PLC |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff C. Earl Grant's "Motion Pursuant to Fed R. Civ. P. 60 for Relief from Judgment." [ECF No. 25] In his motion, Plaintiff requests the Court "set aside" its Memorandum and Order of December 2, 2019 dismissing with prejudice Plaintiff's second amended petition. Defendant Bank of America opposes the motion. [ECF No. 26]

**I.     Background**

This case arises from Defendant's alleged failure "to accurately account, assess, calculate and service [Plaintiff's] mortgage for the payment of real estate taxes." [ECF No. 7 at ¶1] In December 2018, Plaintiff filed a petition against Defendant and St. Louis County in the Circuit Court of St. Louis County seeking an accounting and damages. [ECF No. 1-1] Both defendants filed motions to dismiss, and the court dismissed Plaintiff's claims against St. Louis County and granted Plaintiff leave to amend the petition.

Plaintiff filed a first amended petition against Defendant in April 2019 alleging actions for an accounting, conversion, and punitive damages. Defendant moved to dismiss the first

1

amended petition for failure to state a cause of action, and the court granted the motion in part, dismissing without explanation Plaintiff's claim for punitive damages.

In October 2019, Plaintiff filed his second amended petition for an accounting (Count I) and defamation of credit (Count II),[1] and Defendant removed the action to this Court based on federal question jurisdiction. [ECF No. 1] Defendant then moved to dismiss Plaintiff's second amended petition pursuant to Rule 12(b)(6). [ECF No. 11] As to Count I, Defendant asserted that Plaintiff could not state a claim for an accounting because a necessary element of an accounting claim is the existence of a fiduciary relationship and Missouri courts do not recognize fiduciary relationships between borrowers and lenders. In regard to Plaintiff's defamation claim, Defendant argued that it was preempted by the Fair Credit Reporting Act (FCRA) and Plaintiff did not allege the facts necessary to bring a private cause of action under that statute.

Plaintiff filed a response to Defendant's motion to dismiss, arguing that the doctrine of collateral estoppel barred Defendant's motion to dismiss the accounting claim. [ECF No. 14] Plaintiff did not address Defendant's assertion that the parties' borrower-lender relationship did not give rise to a fiduciary duty. In regard to his defamation of credit claim, Plaintiff stated: "In the event the Court deems Plaintiff's claim for defamation of credit to be deficient, Plaintiff requests leave to amend."

Defendant subsequently filed a reply brief in support of its motion to dismiss Plaintiff's second amended complaint. [ECF No. 20] In its reply brief, Defendant addressed Plaintiff's collateral estoppel argument and reiterated its earlier arguments that Plaintiff failed to state claims for either an accounting or defamation of credit.

---

[1] In the second amended petition, Plaintiff designated Count II "false credit reporting." In his response to Defendant's motion to dismiss, he referred to Count II as an action for "defamation of credit." In the Court's Memorandum and Order dismissing the second amended petition, the Court referred to Count II as a defamation claim and noted that the label did not affect the Court's analysis.

2

Plaintiff then filed a document entitled "Response to Defendant's Reply in Further Support of Defendant's Motion to Dismiss Plaintiff's Second Amended Petition." [ECF No. 22] Plaintiff's filing is construed as a sur-reply, which Plaintiff did not seek leave to file. See Local Rule 7-4.01.[2] In the sur-reply, Plaintiff re-asserted his argument that the doctrine of collateral estoppel barred Defendant's motion to dismiss his accounting claim. In regard to his credit defamation claim, Defendant wrote: "Missouri recognizes a private right of action for credit defamation. Authority for this type of suit – 'interference with a credit expectancy['] – is found in Hoyt v. G.E. Capital Mortg. Servs., 193 S.W.3d 315, 323 (Mo. App. E.D. 2006); see also, Lee v. Wells Fargo Home Morg., 2011 WL 5025877."

On December 2, 2019, the Court entered a Memorandum and Order granting Defendant's motion and dismissing with prejudice Plaintiff's second amended petition. [ECF No. 23] In the Memorandum and Order, the Court rejected Plaintiff's argument that collateral estoppel barred Defendant's motion to dismiss Plaintiff's accounting claim, and it proceeded to find that Plaintiff failed to allege facts demonstrating the four elements of an accounting claim. Finally, the Court dismissed Plaintiff's defamation of credit claim because it was preempted by the FCRA and, to the extent Plaintiff intended to bring a claim under the FCRA, he failed to plead the requisite notice from a credit reporting agency.

## II.  Discussion

Plaintiff seeks relief from the Court's dismissal of the second amended petition pursuant to Fed. R. Civ. P. 60(b).[3] [ECF No. 25] Plaintiff argues that the Court erred in dismissing his:

---

[2] Local Rule 7-4.01 establishes the procedure by which a party may file a motion, response, and reply. The rule provides: "Additional memoranda may be filed by either party only with leave of Court." Local Rule 7-4.01(C). See Hamilton v. City of Hayti, Mo., No. 1:16-CV-54 RLW, 2018 WL 4466014, at *5 n.5 (E.D. Mo. Sept. 18, 2018).

[3] Plaintiff's motion states that he seeks relief from judgment "pursuant to Fed. R. Civ. P. 60(a)(b)(6)." [ECF No. 25 at 1] Rule 60(a) provides: "The court may correct a clerical mistake

(1) claim for an accounting because the Court "failed to consider that [Defendant's role] went beyond that of a simplistic lender in a lender-borrower relationship"; and (2) claim for defamation of credit because the Court "completely ignored his [sur-reply]…and, in particular, its reference regarding the defamation claim along with citations to authorities for a private right of action[.]" Defendant counters that Plaintiff is not entitled to relief under Rule 60(b) because he merely "reargue[s] the same arguments made in the motion to dismiss and in Plaintiff's multiple responses which this Court properly rejected." [ECF No. 26]

Relief under "Rule 60(b) is an extraordinary remedy" and is "justified only under exceptional circumstances." Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc., 413 F.3d 897, 903 (8th Cir. 2005) (internal quotation omitted). Plaintiff invokes Rule 60(b)'s catch-all provision, which provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for…any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Eighth Circuit has held that "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005) (citing Atkinson v. Prudential Prop. Co., Inc., 43 F.3d 367, 373 (8th Cir. 1994)). "Parties may not use [Rule 60(b)(6)] as a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings." Fed. Deposit Ins. Corp. v. Lathrop & Gage, L.C., No. 4:08-CV-2033 FRB, 2009

---

or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The Eighth Circuit explained: "Under Rule 60(a) a court may correct a judgment so as to reflect what was understood, intended and agreed upon by the parties and the court." Kocher v. Dow Chem. Co., 132 F.3d 1225, 1229 (8th Cir. 1997) (internal quotation omitted). "Rule 60(a) permits only a correction for the purpose of reflecting accurately a decision that the court actually made." Id. (quotation omitted). Because Plaintiff does not allege a clerical error, which would bring his motion with Rule 60(a), the Court will construe Plaintiff's motion as having been brought pursuant to Rule 60(b).

4

WL 3334888, at *3 (E.D. Mo. Oct. 14, 2009) (citing Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999)).

A.  Accounting

Plaintiff contends the Court erred in dismissing his claim for an accounting because the facts he alleged in the second amended petition demonstrated that a fiduciary relationship existed between Plaintiff and Defendant.  Plaintiff further asserts that the parties' relationship exceeded a typical lender-borrower relationship because Defendant "became a fiduciary when it required Plaintiff to pay along with his mortgage, real estate taxes that were due to St. Louis County" and undertook "the duty of escrowing Plaintiff's funds to pay his taxes in a timely manner."[4]  [ECF No. 25 at 2]

In response, Defendant states that the Court "properly dismissed Plaintiff's claim for an equitable accounting because Plaintiff cannot allege all of the elements required for this cause of action."  [ECF No. 26 at 3]  Additionally, Defendant asserts that Plaintiff "provides no case law supporting his argument that escrowed funds somehow convert the lender-borrower relationship from contractual to fiduciary."  [Id. at 4]

In its Memorandum and Order, the Court considered whether Plaintiff pleaded factual elements required to state a claim for an equitable accounting.[5]  [ECF No. 23]  In particular, the Court addressed Plaintiff's allegation that Defendant, "by virtue of its function and obligation was in a fiduciary relationship to Plaintiff" because "Plaintiff has entrusted to Defendant" the

---

[4] In support of his position, Plaintiff cites two cases, neither of which involved a lender and borrower.  See Barry v. Barry, 579 S.W.2d 136 (Mo.App. 1979); Zelch v. Ahlmeyer, 592 S.W.2d 482 (Mo.App. 1979).

[5] The following "[f]our elements are required to establish equitable jurisdiction for an accounting:  the need for discovery, the complicated nature of the accounts, the existence of a fiduciary or trust relationship, and the inadequacy of legal remedies."  Tobias v. Korman, 141 S.W.3d 468, 474 (Mo.App. 2004).

5

authority to service his mortgage, escrow funds for real estate taxes, and pay those real estate taxes. [Id. at 6]

The Court found that Missouri courts do not recognize a fiduciary relationship between lenders and borrowers[6] and, because the allegations established nothing more than an ordinary lender-borrower relationship, the second amended petition did not demonstrate the requisite fiduciary relationship. [ECF No. 23] The Court further held that, even if Plaintiff's second amended petition alleged sufficient facts to demonstrate the existence of a fiduciary relationship between the parties, Plaintiff did not sufficiently plead other elements required for an accounting claim. Specifically, Plaintiff's second amended petition did not allege that the account was complicated or explain why remedies available at law were inadequate.

Plaintiff suggests that the Court erred in finding he failed to state a claim for an accounting because the second amended petition provided Defendant fair notice of his claim and Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." [ECF No. 25 quoting Fed. R. Civ. P. 8(a)(2)] While a complaint need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of entitlement for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also Williams v. Chase Home Fin., LLC, No. 4:12-CV-1803 JAR, 2013 WL 3282878, at *1 (E.D. Mo. June 27, 2013) (dismissing claim for an accounting for failure to state a claim).

---

[6] See Wood & Huston Bank v. Malan, 815 S.W.2d 454, 458 (Mo. App. 1991); Jean-Gilles v. Fabiola Jean Gilles, Esq., No. 4:14-CV-827 JCH, 2014 WL 6751115, at *6 (E.D. Mo. Dec. 1, 2014); Pace v. Wells Fargo Bank, N.A., No. 4:11-CV-489 CAS, 2012 WL 3705088, at *15 (E.D. Mo. 2012); Kulovic v. BAC Home Loans Servicing, L.P., No. 4:10-CV-2058 CAS, 2011 WL 1483374, at *11 (E.D. Mo. April 19, 2011); Lonergan v. Bank of Am., N.A., No. 2:12-CV-4226, 2013 WL 176024, at *9 (W.D. Mo. Jan. 13, 2013); In re Vantage Investments, Inc., 385 B.R. 670, 706 (Bkrtcy. W.D. Mo. 2008).

Because Plaintiff failed to allege facts demonstrating why an accounting was appropriate and why a legal remedy was insufficient, the Court properly dismissed this claim.

In his Rule 60(b) motion for relief from the judgment, Plaintiff merely reiterates and attempts to develop the facts alleged in the second amended petition in order to persuade the Court that he sufficiently alleged a fiduciary relationship.  However, Plaintiff cites no intervening law or exceptional circumstances to justify revisiting this issue.  Nor does Plaintiff explain his failure to address this issue, raised by Defendant in the motion to dismiss, in his response to the motion to dismiss the second amended petition.  The Court therefore finds that Plaintiff failed to demonstrate that exceptional circumstances justify relief from the Court's Memorandum and Order dismissing his claim for an accounting.

    B.  Defamation of Credit

Plaintiff argues that the Court ignored his sur-reply and "requests that the Court consider the prior response, and in particular, its reference regarding the defamation claim with citations to authorities for a private right of action[.]"  [ECF No. 25 at 1]  Plaintiff maintains that the two cases cited in the sur-reply "support a private right of action, i.e. 'claim for interference with a credit expectancy[,]' which Plaintiff believes is sufficiently pleaded."  [Id.]  Plaintiff also refers the Court to a third case:  Bell v. The May Dep't Stores Co., 6 S.W.3d 871, 876 (Mo. Banc 1999).  Defendant counters that the Court properly dismissed his claim for defamation of credit because Plaintiff's claim is preempted by the FCRA and the cases cited by Plaintiff do not support his argument against dismissal.

In its motion to dismiss the second amended petition, Defendant argued that the FCRA preempted Plaintiff's claim for defamation of credit.  [ECF No. 11]  Plaintiff did not address Defendant's preemption argument in his response to the motion to dismiss.  [ECF No. 14]

Instead, Plaintiff briefly addressed this issue in his sur-reply, which he filed without leave of Court. [ECF No. 22] The sur-reply contained the following three sentences relating to his claim for defamation of credit. Plaintiff wrote:

> 1. Defendant mistakenly argues that Plaintiff's allegations do not rise to a private right of action and that Plaintiff's only relief is pursuant to the Fair Credit Reporting Act.
> 2. Missouri recognizes a private right of action for credit defamation. Authority for this type of suit – "interference with a credit expectancy["] – is found in Hoyt v. G.E. Cap. Mortg. Servs., 193 S.W.3d 315, 323 (Mo. App. E.D. 2006); see also Lee v. Wells Fargo Home Mortg., 2011 WL 5025877.
> 3. The motion of Defendant is without merit and should therefore be dismissed.

[Id. at 2]

The Court reviewed the sur-reply but did not consider it in ruling the motion to dismiss. See e.g., See Hamilton v. City of Hayti, Mo., No. 1:16-CV-54 RLW, 2018 WL 4466014, at *5 n.5 (E.D. Mo. Sept. 18, 2018) (declining to consider sur-reply filed without leave of court as required by local rule); Daud v. Nat'l Multiple Sclerosis Soc'y, No. 17-378-CV-W-ODS, 2018 WL 3370575, at *11 n. 19 (W.D. Mo. July 10, 2018) (same); Moore v. Weber, No. 4:07-CV-620 DJS, 2009 WL 4020371, at *1 n.2 (E.D. Mo. Nov. 18, 2009) (same). Even if the Court had considered Plaintiff's sur-reply, it would have reached the same outcome. See, e.g., Daud, 2018 WL 3370575, at *11 n. 19.

As an initial matter, the Court notes that in the sur-reply and the instant motion, Plaintiff conflates a defamation of credit claim with a interference with credit expectancy claim. To state a claim for tortious interference with a credit expectancy, a plaintiff must demonstrate: (1) a valid credit expectancy; (2) that the defendant knew of the expectancy; (3) denial of credit induced or caused by the defendant's intentional interference; (4) absence of justification; and (5) damages. Bruce v. First U.S.A. Bank, Nat'l Ass'n, 103 F.Supp.2d 1135, 1145 (E.D. Mo.

2000). The second amended petition alleged neither a valid credit expectancy nor Defendant's knowledge of the expectancy. As a result, Defendant did not state a claim for interference with a credit expectancy. See, e.g., Bugg v. Washington Mut. Bank, No. 06-4196-CV-C-SOW, 2007 WL 9718033, at *4 (W.D.Mo., July 2, 2007).

To the extent Plaintiff challenges the dismissal of his defamation of credit claim, the Court properly found that the claim was preempted by the FCRA. [ECF No. 23] The FCRA preempts all state actions against furnishers of credit information that are "in the nature of defamation, invasion of privacy, or negligence ... except as to false information furnished with malice or willful intent [to] injure [the] consumer." 15 U.S.C. § 1681h(e). See also Barbero v. Reg'l Recovery Servs., Inc., No. 6:17-CV-3379 MDH, 2018 WL 3150681, at *5 (W.D. Mo. June 27, 2018). Plaintiff's second amended petition alleged that Defendant "falsely, recklessly and maliciously published credit reports concerning Plaintiff which grossly exaggerated and misstated his mortgage payment record, reporting late and insufficient mortgage payments." [ECF No. 7 at ¶ 14] In the Memorandum and Order, the Court found that, because Plaintiff pleaded no facts supporting his allegation of malice, the FCRA preempted his common-law defamation claim. [ECF No. 23 at 9]

Plaintiff cites three cases in support of his argument that the FCRA did not preempt his state law claim. See Hoyt v. GE Cap. Mortg. Servs., Inc., 193 S.W.3d 315, 323 (Mo. App. 2006); Lee v. Wells Fargo Home Mortg., No. 11-633-CV-W-HFS, 2011 WL 5025877 (W.D. Mo. Oct. 21, 2011); Bell, 6 S.W.3d at 876. These cases are inapposite because, unlike Plaintiff, the plaintiffs in these cases alleged facts demonstrating the "malice or willful intent to injure" required to remove their claims from the purview of the FCRA.[7] In contrast, Plaintiff pleaded

---

[7] In Hoyt, plaintiff homeowners presented evidence that the defendant mortgage company: diverted the plaintiffs' funds away from their intended payment of principal, interest, and escrow

9

no facts to support his conclusory allegation that Defendant acted with malice when it allegedly published inaccurate reports concerning Plaintiff's credit.

Plaintiff establishes neither manifest errors of law or fact, and he presents no intervening law or newly discovered evidence. See Broadway, 193 F.3d at 990; Arnold v. Wood, 238 F.3d 992, 998 (8th Cir.2001) (district court did not abuse its discretion in denying the Rule 60(b) motion because it "largely reasserted contentions made in earlier motions"). The Court therefore finds that Plaintiff failed to demonstrate exceptional circumstances to justify relief from the Court's dismissal of his defamation of credit claim and denies Plaintiff's Rule 60(b) motion for relief from judgment. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "motion Pursuant to Fed. R. Civ. P. 60 for Relief From Judgment" [ECF No. 25] is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of January, 2020

---

payment and initiated foreclosure proceedings; failed to retract reports of the plaintiffs' alleged default from the credit bureaus after promising to do so; reinforced those damaging reports by advising the credit bureaus that foreclosure proceedings had been started; refused to correct the information it submitted to credit reporting agencies; and ignored the plaintiffs' correspondence and requests for timely accounting of the escrow account. 193 S.W.3d at 322-23. In Lee, the plaintiff homeowners alleged that, despite their timely mortgage payments to the defendant mortgage company, the defendant: (1) "represented to the major credit reporting agencies" that they were delinquent on their loan; and (2) instituted foreclosure proceedings against them and published information regarding the trustee's sale of their home in the local newspaper. 2011 WL 5025877, at *1. Finally, in Bell, the plaintiff presented evidence that the defendant intentionally interfered with a credit expectancy when, after agreeing to "delete all derogatory [credit] information," the defendant "wrongfully reported" false and negative information to credit card companies. Id. at 874, 877.